[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION TO CORRECT RESPONSE TO DEFENDANTS' REQUESTS FOR ADMISSIONS
The issue raised in the motion before this court is whether a party that has answered his opponents' requests for admission of facts should be permitted to change the response to one of the requested admissions after the opponent has filed a motion for summary judgment.
The context of the dispute is the plaintiff's claim that they had entered into an oral agreement with the defendants that entitles them to half the profits from the development by defendant Creative Choice Homes, Inc. of an affordable housing complex in Bridgeport. In their second request to admit directed to plaintiffs Capital Development Group, LLC and Laljeebhai R. Patel, the defendants asked these plaintiffs to admit or deny the following statement:
133. Neither defendant Barot, CCH Bridgeport, LLC nor defendant Creative Choice Homes, Inc. accepted or agreed to Exhibit 2 or the terms thereof.
Exhibit 2, attached to the requests to admit, consists of two pages of what appears to be a draft of a proposed agreement. The date of the making of the agreement is blank, the document is annotated with some handwritten questions, and there is no signature page.
The cover sheet filed with the responses to these requests to admit indicates that the response was filed on June 12, 1998.
The response provided by the plaintiffs at that time, in handwriting under the text of request 133, was as follows: "False; but they refused to execute the document, 2 pages of which are Exhibit 2, which memorialized the oral agreement between the parties."
The plaintiffs, by their motion, seek to amend the response to #133 to state as follows: "False; but they refused to execute the document, 2 pages of which are Exhibit 2, SOME OF which memorialized the oral agreement between the parties." The proposed new language is capitalized.
The defendants have objected to the motion for permission to amend the response to request for admission #133 on the ground that they have relied on the original response in preparing their defense and that they have utilized the admission as a basis for the Motion for Summary Judgment dated April 12, 1999. That motion has been scheduled for oral argument on on June 27, 2000. CT Page 6959
Standard of review
None of the parties has so much as referred to any legal standard governing the merits of the pending motion Practice Book § 13-24
provides "[a]ny matter admitted under this section is conclusively established unless the judicial authority on motion permits withdrawal or amendment of the admission. The judicial authority may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the judicial authority that withdrawal or amendment will prejudice such party in maintaining his or her action on the merits." This rule thus provides that the court has discretion to permit amendment of a response and that one of the considerations that should inform the exercise of discretion is prejudice to the party that secured the admission.
Will the proposed amendment prejudice the defendants?
The part of the plaintiffs' statement that is in fact responsive to the statement in #133 is the word "false," a statement of disagreement with the substance of the request. The further words that follow that response are by way of explanation of the plaintiff's position, which appears to be that even if the defendants did not sign the document of which Exhibit 2 is a part' they orally agreed to its substance. In the proposed amended response, the plaintiffs seek to retain the position that the statement is false, but to change their observation to a statement that only some of the material in Exhibit 2 reflected the terms of the oral agreement and some of it did not.
The defendants have opposed the proposed amendment on the ground that their motion for summary judgment is based on the admission that the content of the alleged oral agreement is the content of the two pages designated as Exhibit 2 in their requests for admissions.
The gravamen of the defendants' motion for summary judgment is thatany alleged oral contract that would allow the plaintiff to share in the profits from the project is illegal and unenforceable because the plaintiff was not disclosed to the federal government as a participant in the project. The proposed amendment does not prejudice the defendants in maintaining that position. Even if the proposed amendment would increase the chance of a finding of a genuine dispute as to the material facts of the case, however, the standard for allowing amendment is not the impact on the possible success of a particular motion, but on prejudice at trial. Amendment would be precluded, for example, where reliance on an admission has caused a party not to subpoena a witness who is unavailable at the time of proposed withdrawal of the admission. No such prejudice is CT Page 6960 presented by the amendment proposed in this case. There is ample time before the October 2001 trial to discover all of the terms of the alleged agreement, if the text of the excerpt from Exhibit 2 contains only some of them.
Conclusion
The request for leave to amend the response to Request for Admission #133 in accordance with the proposed amendment is granted.
Beverly J. Hodgson Judge of the Superior Court